IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,509-01






EX PARTE DONNIE DEWAYNE ROBINSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 07CR1066 IN THE 405TH DISTRICT COURT


FROM GALVESTON COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to forty years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction.
Robinson v. State, No. 14-08-00913-CR (Tex. App.-Houston [14th Dist.] Jan. 28, 2010, no pet.). 

 Applicant contends, among other things, that his appellate counsel rendered ineffective
assistance because he failed to timely notify Applicant that his conviction had been affirmed. On
March 30, 2011, we remanded this application and directed the trial court to determine whether the
mail logs at the Holliday Unit indicated that Applicant received correspondence from appellate
counsel on or about April 10, 2010. On remand, an official at the Texas Department of Criminal
Justice-Correctional Institutions Divisions stated in a sworn affidavit that she found no entries for
Applicant in the mail logs at the Holliday Unit for April 2010. The trial court recommended that we
grant Applicant an out-of-time petition for discretionary review. We continue to believe that the
record is not sufficient to resolve Applicant's claim. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall determine what evidence, if any, in Applicant's possession indicates that appellate counsel
failed to timely notify Applicant that his conviction had been affirmed. Applicant claims that he has
"documentary evidence" in his possession. The trial court shall examine said documentary evidence,
if any, and make further findings of fact and conclusions of law. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 After making this determination, the trial court shall make further findings of fact and
conclusions of law as to whether Applicant was denied his right to file a petition for discretionary
review. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: September 14, 2011

Do not publish